[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO QUASH
By Subpoenas Ad Testificandum the attorney for Harbor Health Services, Inc. ("Harbor Health"), one of the defendants in this action, has commanded Connecticut Mental Health Center ("CMHC") and Connecticut Valley Hospital ("CVH") to appear and be questioned in this action. CMHC and CVH are not defendants in this case.
Although Harbor Health's Subpoenas did not request the production of documents, they were directed to the "Keeper of Records" and CMHC, CVH, Harbor Health and the plaintiff have all filed memoranda which assume that the production of documents was requested by the subpoenas. Therefore, the court will assume that the subpoenas requested the production of records.
CMHC and CVH have moved to quash the subpoenas on the grounds that disclosure of psychiatric records requires consent of the patient under Connecticut General Statutes § 52-146d(3) and 42 C.F.R. § 2.31
and the patient in question, John Sessa, has not consented.
This case is brought by Kimberly Kavin, who was attacked by John Sessa at the Autumn Ridge Apartment Complex on July 13, 1996. An apportionment complaint was filed against Sessa, but he has failed to appear in this action. Harbor Health has represented that it believes that Sessa was found to be incompetent to stand trial in the criminal case brought against him as a result of the attack on Ms. Kavin and that Sessa is now institutionalized at CVH. CT Page 3700
Prior to the commencement of this action, certain psychiatric records of Sessa were obtained by Harbor Health pursuant to Sessa's written consent. The plaintiff has previously moved for the production of those records, and Harbor Health has produced those records pursuant to the order of this court, Levin, J.
The release given to Harbor Health was signed by Sessa on July 1, 1996. It was on a preprinted release form of CMHC and authorized the release of all records described in the form, including, discharge/transfer summary, psychiatric/psychological assessment, medical and/or psychiatric information relevant to HIV status, drug and alcohol abuse treatment information, phsycial exam and "tx status." Since Sessa has already to consented to the production of the foregoing records, through July 1, 1996, the date of the release, and, presumably, CVH and CMHC have produced all the foregoing records, and Harbor Health is trying to make sure it received all the records, CVH and CMHC are hereby ordered to produce copies of the foregoing records concerning John Sessa through July 1, 1996 within 30 days of the date hereof
At the beginning of this litigation the plaintiff requested the medical records of Sessa from Harbor Health. Harbor Health filed a motion for protective order based on Connecticut General Statutes § 52-146d et seq. and 42 U.S.C. § 290cc et seq. The parties appeared before the court, Levin, J. on May 17, 1999. He ordered that notice be given to Sessa and his conservator. Neither Sessa nor his conservator appeared at the continued hearing on Harbor Health's motion for protective order and for that reason the court ordered Harbor Health to disclose Sessa's records.
The plaintiff's request for records directed to Harbor Health was not limited in time to records through July, 1996, but instead sought all records concerning Sessa. Harbor Health now argues that since it has been required to disclose records concerning its treatment of Sessa, it would be prejudiced in this litigation if it were not able to obtain all of the records of CVH and CMHC concerning Sessa.
The order directed to Harbor Health concerning disclosure of the psychiatric records of John Sessa occurred prior to the time the Supreme Court decided Falco v. Institute of Living, 245 Conn. 321, ___ A.2d ___
(2000). In Falco the plaintiff brought a bill of discovery seeking to compel the defendant psychiatric hospital to disclose the name, last known address and social security number of a patient who allegedly had attacked him during a group meeting at the hospital in order to bring a civil action against the patient before the expiration of the statute of limitations. The trial court granted the bill of discovery and the Appellate Court affirmed that order. The Supreme Court held that the CT Page 3701 Appellate Court improperly concluded that the trial court could balance competing interests and exercise its discretion to override the statutory (§ 52-146e) psychiatrist-patient privilege against disclosure of communications. The Court further stated that the statutory purpose of § 52-146e was to preserve the therapeutic relationship and there are no exceptions to the statute beyond those contained therein.
Under Connecticut General Statutes § 52-146d(3) "[c]onsent" means consent given in writing by the patient or his authorized representative. Neither Sessa nor his conservator ever consented to Harbor Health's production of Sessa's records in this case. The only exception which could have applied, § 52-146f(5) did not apply because Sessa has not introduced his mental condition as a claim or defense in this action. Section 52-146f(5) provides:
 Consent of the patient shall not be required for the disclosure or transmission of communications or records of the patient in the following situations as specifically limited:
 Communications or records may be disclosed in a civil proceeding in which the patient introduces his mental condition as an element of his claim or defense . . .
Harbor Health should not have been ordered to disclose its records pertaining to Sessa. Those records may not be used for any purpose in this trial except to the extent those records consisted of records that Harbor Health had obtained from CVH or CMHC pursuant to Sessa's written consent. Since the plaintiff has filed a memoranda which indicates that the relevant records are only those records pertaining to Sessa's treatment prior to the July 13, 1996 incident, then this order should not prejudice the plaintiff. Since the plaintiff will not be able to use any records other than the CVH and CMHC records produced by Harbor Health, then the inability to obtain records from CVH or CMHC pertaining to treatment of Sessa after July 1, 1996 will not prejudice Harbor Health.
Harbor Health may depose CVH and CMHC for the limited purpose of inquiring into John Sessa's living arrangements during the time prior to July 13, 1996. CVH and CMHC will disclose to Harbor Health information and records pertaining to John Sessa's residence provided such records do not pertain to the diagnosis or treatment of Mr. Sessa. If the parties cannot agree as to whether a record does or does not pertain to diagnosis and treatment, then they shall submit such document(s) to the court for an in camera inspection.
In conclusion, the Motion to Quash is granted except with respect to CT Page 3702 the records covered by the written consent from John Sessa dated July 1, 1996, which records shall be produced to Harbor Health within 30 days of the date hereof. In addition, Harbor Health may depose CVH and CMHC for the limited purpose of inquiring into John Sessa's living arrangements during the time prior to July 13, 1996 and may obtain records concerning those living arrangements as set forth in the preceding paragraph.
By the court,
Aurigemma, J.